IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| ERIN K. S.,[1] | ) |
| | ) |
|    Plaintiff, | ) |
| | ) |
| vs. | )   Case No. 3:21-cv-1260-DWD |
| | ) |
| KILOLO KIJAKAZI, Acting | ) |
| Commissioner of Social Security, | ) |
| | ) |
|    Defendant. | ) |

**MEMORANDUM & ORDER**

**DUGAN, District Judge:**

Before the Court is Plaintiff's Motion for Attorney Fees under the Equal Access to Justice Act ("EAJA"), 28 U.S.C. §2412(d) (Doc. 19). Plaintiff asks for an award of attorney's fees in the amount of $6,525.60. The Acting Commissioner has filed a response, arguing that the Social Security Administration's ("SSA") position was substantially justified, and a fee award is not appropriate. (Doc. 21). Plaintiff has filed a reply. (Doc. 22). Upon review of the record and of the applicable authority, the Court finds that the Motion is due to be **DENIED**.

I. **BACKGROUND**[2]

In this case, the Administrative Law Judge ("ALJ") conducted an evidentiary hearing and evaluated Plaintiff's application for disability benefits through the fifth step of the sequential process, finding that Plaintiff was not disabled. The ALJ determined that

---

[1] In keeping with the Court's practice, Plaintiff's full name will not be used in this Memorandum and Order due to privacy concerns. *See* Fed. R. Civ. P. 5.2(c) and the Advisory Committee Notes thereto.
[2] The following is taken from the Order issued by the Court on September 27, 2023. (Doc. 17).

Plaintiff retained the residual functional capacity to perform work that existed in significant numbers in the national economy.

At step five, the ALJ relied on the testimony of a vocational expert ("VE") to find that Plaintiff could make a successful adjustment to other work that exists in significant numbers in the national economy. The VE specifically testified that Plaintiff could perform the requirements of occupations such as housekeeping worker, retail clerk, and laundry folder, which exist in significant numbers in the national economy.

Plaintiff's attorney briefly questioned the VE about her opinion and how she arrived at that opinion. But Plaintiff's attorney did not raise any objections regarding the VE's methodology. At the close of the hearing, Plaintiff's attorney confirmed, in response to a question by the ALJ, that she had "nothing further [to add] for today." The same day, but after the hearing, Plaintiff's attorney submitted a letter to the ALJ, stating that she objected to the VE's testimony:

> In this case, I have reviewed the VE's hearing testimony and we object. The VE's opinions as to job incidence data lack reliable methodology. There is no specific confirmable methodology described in the record, and no evidence that the VE's methods for obtaining job incidence data are reliable and well-accepted, or why that is so. The record is unacceptably vague, and this fails to satisfy the Commissioner's burden at step five.

(Tr. 295).

The ALJ acknowledged the objection, but overruled it, explaining as follows:

> The claimant's representative had ample opportunity at the hearing to ask questions of the vocational expert and clarify her methodology. However, after reviewing the vocational expert's testimony at the hearing, I found the records did not support these objections. The objections are overruled. My decision to overrule the objections was based on the Regulations, including SSR 00-4p, that govern this hearing. [A]dministrative notice of reliable job

2

information available will be taken from various governmental and other publications. For example, we will take notice of: Dictionary of Occupational Titles, published by the Department of Labor; County Business Patterns, published by the Bureau of the Census; Census Reports, also published by the Bureau of the Census; Occupational Analyses, prepared of the Social Security Administration by various State employment agencies; and Occupational Outlook Handbook, published by the Bureau of Labor Statistics; and vocational experts and other specialists (20 CFR 404.1566(d)[)].

Thus, not only do the regulations permit vocational experts to rely on various sources of statistical information, but the Agency may also rely on this information because it has been administratively noticed. The Social Security Administrations' reliance on this data is codified in the Appendix 2 to Subpart P of the Act, otherwise known as the Medical Vocational Guidelines, or "Grid Rules," and has been upheld by the United States Supreme Court, Heckler v. Campbell, 461 U.S. 458 (1983). Thus, by practice before this Court and others like it, the claimant's attorney has constructively received adequate notice of the types of resources used by vocational experts regarding the number of jobs available in the national economy.

Additionally, 20 CFR 404.1566(e) and 416.966(e) state: "[i]f the issue in determining whether you are disabled is whether your work skills can be used in other work and the specific occupations in which they can be used, or there is a similarly complex issue, we may use the services of a vocational expert or other specialized. We will decide whether to use a vocational expert or other specialist and that reliance upon their testimony is firmly entrenched without our regulations (See, e.g., 20 C.F.R. § 404.1560 and HALLEX 1-2-5-30). In this case, the vocational expert testified she relied on numbers from the Department of Labor that encompass the various governmental and other publications with administrative notice of reliable job information. Furthermore, the vocational expert's qualifications were accepted by the representative without objection. I found no reason to doubt the vocational expert's qualifications to discuss and interpret specific issues in the Dictionary of Occupational Titles as she did in the instant case. The expert's depth of experience, educational qualifications, and vocational expertise served as an interpretative conduit beyond the Dictionary of Occupational Titles and Department of Labor information. Thus, the explanation at hearing, with supplementary information as to the accuracy of her testimony regarding the Dictionary of Occupational Titles and Department of Labor information, is regarded as expert testimony in the vocational field. After a review of the testimony, as well as the medical

> record, and given the unchallenged qualification as an expert, I accepted the vocational expert's testimony regarding job numbers because they were sufficiently reliable to support the conclusions hearing. Accordingly, the vocational expert's job information is found to be reliable.
>
> Pursuant to SSR 00-4p, I have determined that the vocational expert's testimony is consistent with the information contained in the Dictionary of Occupational Titles. To any extent to which the vocational expert's testimony varied form the DOT or touched on topics upon which the DOT is silent, I find that she relied on her experience in job placement and job analysis in forming her opinions.

(Tr. 30-31).

Plaintiff directly appealed to this Court, raising one issue: Whether the ALJ erred in relying on vocational expert testimony that failed to describe job incidence data with a reliable methodology. The Court found that the VE's answer regarding her job incidence data was impermissibly vague and not based on reliable methodology. That finding, however, did not end the Court's analysis.

The Court explained that an ALJ is only required to make an inquiry into the basis for and reliability of a VE's conclusions "when confronted by a claimant's challenge." The Acting Commissioner argued that Plaintiff waived her right to object to the VE's testimony by failing to object during the hearing, and that her post-hearing objection was too late. Ultimately, the Court found that the post-hearing objection was timely, explaining as follows:

> As noted by the Commissioner, some district courts have concluded that post-hearing objections are too late to preserve an issue for appeal. The Court also notes there are Seventh Circuit decisions that contain language suggesting objections not raised during the hearing are waived. *Fetting v. Kijakazi*, 62 F.4th 332, 337 (7th Cir. 2023) ("A claimant who fails to object *at the hearing* forfeits any challenge to the VE's testimony.") (emphasis added). But the Seventh Circuit's most recent decision addressing this issue,

4

> *Leisgang v. Kijakazi,* 72 F.4th 216 (7th Cir. 2023), suggests otherwise:
>
>> As we explained in *Fetting*, a claimant must object to the VE's testimony or otherwise indicate that the testimony is unreliable during the administrative hearing (*or after, in a posthearing brief*) to preserve his objection.
>
> *Id.* at 220 (emphasis added). Considering the Seventh Circuit's decision in *Leisgang*, the Court finds that Plaintiff's posthearing objection was not too late.

(Doc. 17, p. 15).

The Court went on to conclude that Plaintiff's posthearing objection as to the VE's methodology was sufficiently specific. As such, the ALJ was obligated to ask the VE to provide additional information, establishing that her opinion was based on reliable methodology. The ALJ failed to do this. Accordingly, the Court reversed and remanded the ALJ's decision.

## II.   LEGAL STANDARD

The EAJA isn't an automatic fee-shifting statute, so merely prevailing against the Commissioner does not entitle a party to an award of fees. *Potdar v. Holder*, 585 F.3d 317, 319 (7th Cir. 2009). The EAJA allows a district court to award attorney's fees when: (1) the claimant was a prevailing party, (2) the government's position was not "substantially justified," (3) no special circumstances make an award unjust, and (4) the claimant filed a timely and complete application with the district court. *Stewart v. Astrue,* 561 F.3d 679, 683-684 (7th Cir. 2009).

First, the Acting Commissioner opposes Plaintiff's motion on the basis that the SSA's position was substantially justified. "To be substantially justified, the

5

Government's position must be 'justified in substance or in the main' or 'justified to a degree that could satisfy a reasonable person.' " *Kholyavskiy v. Holder*, 561 F.3d 689, 692 (7th Cir. 2009) (quoting *Pierce v. Underwood,* 487 U.S. 552, 565 (1988)). The Government bears the burden of proving that its position was substantially justified. The Government meets this burden if: "(1) it had a reasonable basis in truth for the facts alleged, (2) it had a reasonable basis in law for the theory propounded, and (3) there was a reasonable connection between the facts alleged and the theory propounded. *See id.* (citing *Conrad v. Barnhart,* 434 F.3d 987, 990 (7th Cir. 2006)).[3]

"[A] position can be justified even though it is not correct, and ... can be substantially (*i.e.*, for the most part) justified if a reasonable person could think it correct, that is if it has a reasonable basis in law and fact. *Pierce v. Underwood*, 487 U.S. 552, 566 n.2 (1988); *see also Stewart v. Astrue*, 561 F.3d 679, 683 (7th Cir. 2009). In determining the reasonability of the government's positions, "courts are more likely to conclude that the Government's position is substantially justified if it is supported" by precedent. *Id.* "[U]ncertainty in the law arising from conflicting authority or the novelty of the question weighs in the government's favor ...." *Id.* By contrast, failure to provide support for key legal or factual propositions weighs against the government. *See Tchemkou v. Mukasey*, 517 F.3d 506, 510 (7th Cir. 2008) ("Having failed to provide any support for this argument, the Government also has failed to show that its

---

[3] EAJA fees can be awarded if either the government's pre-litigation conduct (the ALJ's decision) or its litigation position are not substantially justified. *Golembiewski v. Barnhart*, 382 F.3d 721, 724 (7th Cir. 2004) (quoting *Marcus v. Shalala*, 17 F.3d 1033, 1036 (7th Cir. 1994)). Although "the court must consider both the agency's pre-litigation conduct and its litigation position, ... the court ultimately must make one binary decision – yes or no – as to the entire civil action." *Suide v. Astrue,* 453 F. App'x. 646, 648-49 (7th Cir. 2011).

position was substantially justified.").

District courts are given broad discretion to determine whether an award is warranted under the EAJA. *See, e.g.*, Hallmark Constr. Co., 200 F.3d at 1078.

### III.  DISCUSSION

The Acting Commissioner took the position that Plaintiff's post-hearing objection was forfeited because she did not raise it at the administrative hearing. According to the Acting Commissioner, the SSA's pre and post litigation conduct, which was premised on this position, was substantially justified given the existing case law at the time.[4] The Court agrees.

The crux of the Court's decision concerned whether Plaintiff's post-hearing objection was too late. At the time the agency acted, case law from the Seventh Circuit, as well as persuasive authority from district courts in this circuit, indicated that objections not raised *during the administrative hearing* are forfeited. *See* e.g. Brown v. Colvin, 845 F.3d 247, 254 (7th Cir. 2016) (claimant forfeited arguments "by failing to object to the testimony *during the administrative hearing*.") (emphasis added); Wilkins v. Barnhart, 69 F. App'x 775, 782 (7th Cir. 2003) (finding plaintiff's argument about inappropriate hypothetical question waived when plaintiff cross-examined VE during hearing and never raised the issue); Gaylord v. Berryhill, No. 17-CV-03196, 2019 WL 1330892 (C.D. Ill. Mar. 25, 2019) ("a

---

[4] The ALJ's decision was issued in 2021, and briefing in the instant case was completed in 2022. The ALJ overruled the objection stating that (1) Plaintiff's counsel had ample opportunity to object at the hearing, but failed to do so, and (2) the record did not support Plaintiff's objection as to the reliability of the VE's opinions. Thus, it appears that the objection was overruled in part because Plaintiff failed to explore the issue at the hearing and in part because the ALJ found the record demonstrated the VE's opinions were based on a reliable methodology. On appeal, the Acting Commissioner argued that "[b]ecause Plaintiff did not challenge the vocational expert's testimony during the hearing, the ALJ properly relied on the vocational expert's testimony." (Doc. 16, p. 5).

7

party must object to a vocational expert's testimony *at the administrative hearing* to avoid forfeiting that objection.") (emphasis added). Indeed, even the Seventh Circuit's decision in *Fetting v. Kijakazi,* 62 F.4th 332 (7th Cir. 2023), which was later clarified in *Leisgang v. Kijakazi*, 72 F.4th 216 (7th Cir. 2023),[5] appears to support this contention. *See Fetting*, 62 F.4th at 337 ("When no one questions the VE's foundation or reasoning, an ALJ is entitled to accept the VE's conclusion. Accordingly, a claimant who does not object to a VE's testimony *during the administrative hearing* forfeits those objections.").

Plaintiff contends that *Fetting* and related decisions merely stand for the proposition that objections not raised before the close of the administrative record are waived. The Seventh Circuit's decision in *Leisgang v. Kijakazi*, 72 F.4th 216 (7th Cir. 2023) suggests that Plaintiff is correct.[6] But that does not alter the Court's analysis as to the instant motion. The question before the Court is whether the SSA had a reasonable basis, both at the ALJ level and on appeal, for taking the position that objections not raised during the administrative hearing are waived. Given the case law discussed above, a reasonable person could reach that conclusion. As such, the SSA's pre and post litigation position as to forfeiture was substantially justified – even if emerging case law ultimately demonstrated that position was incorrect. *Pierce v. Underwood*, 487 U.S. 552, 566 n.2 (1988)

---

[5] Both *Fetting* and *Leisgang* were issued after the ALJ issued its decision in 2021 and after briefing was closed in this case in 2022.

[6] In *Leisgang*, the Seventh Circuit states: "As we explained in *Fetting*, a claimant must object to the VE's testimony or otherwise indicate that the testimony is unreliable during the administrative hearing (or after, in a posthearing brief) to preserve his objection." 72 F.4th at 220 (emphasis added). This indicates that courts should not interpret *Fetting* to mean that objections not raised during the administrative hearing are forfeited. Rather, as the Seventh Circuit went on to explain, "*Fetting* stands for the limited principle that a claimant may not start objecting to unquestioned and uncontradicted VE testimony in federal court after the closure of the administrative record." *Id.*

8

("a position can be justified even though it is not correct, and ... can be substantially (*i.e.*, for the most part) justified if a reasonable person could think it correct, that is if it has a reasonable basis in law and fact. *See also* Stewart v. Astrue, 561 F.3d 679, 683 (7th Cir. 2009). *See also Martinez v. Sec'y of Health & Human Servs.*, 815 F.2d 1381, 1383 (10th Cir. 1987) (Where the governing law is unclear or in flux, it is more likely that the government's position will be substantially justified.").

The Acting Commissioner also contends that she had a reasonable basis for taking the position that Plaintiff's post-hearing objection was too vague to preserve the issue for appeal. The Acting Commissioner, however, did not raise this argument in responding to Plaintiff's Social Security Brief. (Doc. 14). In her responsive brief, the Acting Commissioner argued that because Plaintiff did not object to the VE's evidence during the hearing, she waived her right to do so, allowing the ALJ to rely on the VE's testimony. The Acting Commissioner did not raise any substantive argument as to the post-hearing objection being too vague.[7] In addition, the ALJ did not indicate that she was overruling the post-hearing objection for lack of specificity. Thus, the Court need not evaluate whether there was a reasonable basis for taking the position that the post-hearing objection was too vague.

Finding that the SSA had a substantial basis for its pre and post litigation conduct, the Cour declines to consider whether special circumstances provide an alternative basis

---

[7] In rendering its decision, the Court *sua sponte* considered whether the post-hearing objection was sufficiently specific to preserve the issue for appeal. In her responsive brief, the Acting Commissioner indicated that Plaintiff was, for the first time, raising specific objections on appeal and described the post-hearing objection as "generic." (Doc. 14, pp. 4-5). However, the Acting Commissioner's briefing did not raise any substantive arguments regarding the post-hearing objection being too vague to preserve the issue for appeal.

for denying Plaintiff's application for fees pursuant to the EAJA.

### IV.  CONCLUSION

Because the Acting Commissioner's position was substantially justified, Plaintiff's application for fees pursuant to the Equal Access to Justice Act (Doc. 19) is **DENIED**.

**SO ORDERED.**

Dated: May 2, 2024

/s *David W. Dugan*

_____

DAVID W. DUGAN
United States District Judge